IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLAYTON HOLLABAUGH, )
)
    Plaintiff, )
)
    v. ) Civil Action No. 16-198-J
)
CAROLYN W. COLVIN, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

O R D E R

AND NOW, this 25th day of September, 2017, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] The Court finds no merit in Plaintiff's various arguments that the Administrative Law Judge ("ALJ") erred in finding him to be not disabled, and finds that substantial evidence supports the ALJ's decision.

Plaintiff's primary argument is that the ALJ erred by affording insufficient weight to the opinion of the consultative examiner, Frank Zimba, M.D., and too much to that of the state reviewing agent, Paul Fox, M.D. He argues that Dr. Zimba, an orthopedic specialist who has examined Plaintiff, is entitled to more weight than the non-examining reviewing agent. The Court disagrees and finds that the ALJ adequately explained the rationale for assigning weight to the opinion evidence as he did and in formulating Plaintiff's residual functional capacity ('RFC").

Although, in general, "the opinions of a doctor who has never examined a patient have less probative force as a general matter, than they would have had if the doctor had treated or examined him," Morales v. Apfel, 225 F.3d 310, 320 (3d Cir. 2000)(internal quotations omitted), where "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit." Id. at 317. See also Dula v. Barnhardt, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). The ALJ, of course, "'cannot reject evidence for no reason or for the wrong reason,'" Morales, 225 F.3d at 317 (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)), and can only give the opinion of a non-treating, non-examining physician weight insofar as it is supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation provided for the opinion. See SSR 96-6p, 1996 WL 374180 (S.S.A.), at *2 (July 2, 1996). In certain cases, it would not be unwarranted to give more weight to the non-examining professional's opinion. See Salerno v. Comm'r of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of the non-examining state agency reviewing psychologist because his opinion was more supported by the record than the opinions of the treating physician and the consultative examiner).

It is also important to remember that:

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations. Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity[.]" Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir.2011). State agent opinions merit significant consideration as well.

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011)(internal citations omitted in part). Here, the ALJ included in his decision a substantial discussion as to why he gave great weight to Dr. Fox's opinion and partial weight to Dr. Zimba's opinion, and as to how he formulated Plaintiff's RFC. He explained at length why he found that the objective clinical and diagnostic findings and Plaintiff's conservative treatment history were more consistent with the reviewing agent's opinion than with that of the consultative examiner. (R. 30-31 ). These are factors ALJs must take into account when weighing medical opinion evidence. See 20 C.F.R. §§ 404.1527(c), 416.927(c).

Moreover, the ALJ relied on more than these two opinions in determining Plaintiff's RFC. He also discussed and relied on the objective medical evidence, Plaintiff's conservative treatment history, Plaintiff's activities of daily living, and Plaintiff's own subjective complaints in formulating the RFC. Indeed, in giving only partial weight to the consultative examiner's opinion, the ALJ found Plaintiff to be more restricted in some ways, *e.g.*, his ability to lift and carry, and less restricted in other ways, *e.g.*, his ability to stand and walk. Plaintiff's arguments to the contrary notwithstanding, the ALJ's treatment of Dr. Zimba's opinion clearly addressed the aspect pertaining to Plaintiff's walking and standing limitations, as the ALJ specifically noted that physical examinations had shown normal gait; no sensory deficits; intact strength; equal and normal power; no edema; full squat, heel, and toe walking without difficulty; and intact ability to rise from a chair. (R. 31). The Court further notes that Dr. Zimba was not a treating physician, and therefore his opinion was not entitled to the deference given to those of treating professionals. See Sykes v. Apfel, 228 F.3d 259, 265 n.7 (3d Cir. 2000); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Plaintiff also argues that the ALJ improperly determined the credibility of his testimony. He attempts to do so, though, by singling out each factor considered by the ALJ and arguing that the factor alone would not permit the ALJ to disregard the testimony. However, the ALJ did not rely on any one factor but rather considered a variety of factors in evaluating the testimonial evidence. For instance, the ALJ considered Plaintiff's conservative treatment history (R. 30), and while this factor alone may not have been determinative as to credibility, it is certainly a proper factor for consideration. See Garrett v. Comm'r of Soc. Sec., 274 Fed. Appx. 159, 164 (3d Cir. 2008); SSR 96-7p, 1996 WL 374186 (S.S.A.), at *7 (July 2, 1996), SSR 16-3p, 2016 WL 1119029 (S.S.A.), at *7 (Mar. 16, 2016); 20 C.F.R. §§ 404.1529(c)(3)(iv) and (v), 416.929(c)(3)(iv) and (v). Likewise, he considered Plaintiff's activities of daily living (R. 30) in evaluating his credibility, see Garrett, 274 Fed. Appx. at 164 (citing Burns v. Barnhart, 312 F.3d 113, 129-30 (3d Cir. 2002)); 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i), but he did not base his credibility determination on that factor alone. Most significantly, the ALJ found Plaintiff's testimony to be less than fully consistent with the objective medical evidence.

Plaintiff, of course, has offered alternative explanations as to why these factors do not reflect poorly on his credibility, but the ALJ obviously found otherwise. As noted, none of these factors were cited as uniquely precluding Plaintiff from being disabled; rather, they were part of the ALJ's overall credibility analysis, as they should have been. As a general matter, an ALJ's credibility determination is afforded significant deference. See Reefer v. Barnhart, 326 F.3d 376,

380 (3d Cir. 2003). Here, there was clearly sufficient evidence to support the ALJ's findings regarding the veracity of Plaintiff's subjective complaints. As for the credibility of the lay witness who testified at Plaintiff's hearing, Michelle O'Hara, the ALJ properly considered the witness' lack of medical expertise in considering her testimony regarding the extent of Plaintiff's pain. See SSR 06-3p, 2006 WL 2329939 (S.S.A.), at *4 (Aug. 9, 2006). The Court further notes that the ALJ did not reject Ms. O'Hara's statement, but merely gave it little weight. (R. 31).

Finally, Plaintiff asks the Court to remand this case for consideration of the medical evidence that he submitted to the Appeals Council (R. 7-16), which he argues amplifies the seriousness of his conditions. The Court, however, finds a remand on this ground to be unwarranted.

It is well-established that evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001); Chandler v. Commissioner of Soc. Sec., 667 F.3d 356, 360 (3d Cir. 2011). Accordingly, the Court cannot rely on any records not submitted to the ALJ in making its determination here. As discussed herein, based on the record before the ALJ at the time he issued his decision, substantial evidence supported his finding that Plaintiff was not disabled.

However, a district court can remand a case on the basis of new evidence under sentence six of 42 U.S.C. § 405(g). Section 405(g) provides, in relevant part:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

To remand a case based on new evidence which has not been presented to the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record. Second, the evidence must be material. This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination. Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record. See Matthews, 239 F.3d at 594; Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). Plaintiff cannot meet this burden.

Because the records at issue were not included in the record before the ALJ, the Court will assume that these records are new and not merely cumulative of what is in the record. However, all of these records are from well after the date the ALJ issued his decision and are therefore not material, since they do not relate to the relevant time period. See Szubak, 745 F.2d at 833 ("An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of [a] previously non-disabling condition."); Rainey v. Astrue, Civ.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 10) is DENIED and that Defendant's Motion for Summary Judgment (document No. 12) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

No. 11-125-E, 2012 WL 3779167, at *8 (W.D. Pa. Aug. 31, 2012); Harkins v. Astrue, Civ. No. 10-174, 2011 WL 778403, at *1 n.1 (W.D. Pa. Mar. 1, 2011). The earliest of these new records, including the MRI on which Plaintiff's argument largely relies, are from September 15, 2015, over three months after the ALJ issued his decision. Nothing in these records suggests that they were meant to refer back to the relevant time frame. Regardless, it does not appear that there is a reasonable possibility that these additional records would have changed the outcome of the determination even if they did pertain to the relevant time period, as nothing in them suggests any additional functional limitations. Moreover, the ALJ's credibility findings were not premised on a lack of objective medical evidence of knee and back issues, but on the factors discussed above.

Accordingly, for all of the reasons stated herein, the Court affirms the ALJ's decision.